**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-7226**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GORDON FRANKLIN SPROUSE, II,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James H. Michael, Jr., Senior District Judge. (CR-01-51-JHM; CA-04-596-JHM)

_____

Submitted:  March 31, 2006          Decided:  April 13, 2006

_____

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

John Kenneth Zwerling, ZWERLING, LEIBIG & MOSELEY, P.C., Alexandria, Virginia; Dana M. Slater, SILBER & SLATER, Charlottesville, Virginia, for Appellant. John L. Brownlee, United States Attorney, Nancy S. Healey, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Gordon Franklin Sprouse, II, appeals the district court's order denying relief on his 28 U.S.C. § 2255 (2000) motion. The district court granted a certificate of appealability on two issues: (1) whether trial counsel was ineffective in failing to obtain and analyze the audiotape of Sprouse's confession; and (2) whether counsel was ineffective in failing to raise at sentencing an argument under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). Finding no reversible error, we affirm.[*]

In order to succeed on a claim of ineffective assistance, a defendant must show that his counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance was prejudicial. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). Under the first prong of <u>Strickland</u>, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. <u>Id.</u> at 689. To satisfy the second prong, the defendant must show that his attorney's errors altered the outcome of the proceeding. <u>Id.</u> at 694.

Sprouse claims that counsel was ineffective in failing to obtain and analyze the audiotape of Sprouse's confession. We have reviewed the materials submitted by the parties, the formal briefs,

---

[*]Although he seeks to preserve the issue, Sprouse concedes on appeal that his claim that counsel was ineffective in failing to raise an <u>Apprendi</u>-based argument is non-meritorious.

and the district court's orders.  We find that the district court's opinion is well reasoned and accordingly find no reversible error.

Accordingly, we affirm the district court's denial of Sprouse's § 2255 motion for the reasons stated by the district court.  <u>See</u> <u>United States v. Sprouse</u>, Nos. CR-01-51-JHM; CA-04-596-JHM (W.D. Va. filed May 26, 2005; entered May 27, 2005).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>